CASE 109—ORDINARY—OCTOBER 15, 1881.

# Fitzpatrick, &c., v. Todd, &c.

#### APPEAL FROM FLOYD CIRCUIT COURT.

1. The obligation of a supersedeas bond executed by a personal representative must be treated as binding him and his surety to pay the damages and costs of the appeal, and the judgment in case of affirmance, out of the assets which have or may come to his hands in the course of his administration.
2. Such a bond cannot bind him personally.

A. DUVALL AND ROBT. WEDDINGTON FOR APPELLANTS.

1. The court erred in overruling the demurrer to the petition.
2. If this bond makes appellant personally responsible, no fiduciary can prosecute an appeal with supersedeas without making himself bound personally for the entire matter in controversy, with damages and costs.
3. But such have not been the rulings of this court. (Green's adm'r v. Gill, Sneed's Rep., 271; Mahan v. Tydings, 10 B. Mon., 351; Nelson v. Tyler, 11 B. Mon., 140.)

HAMPTON & HAGAR FOR APPELLEES.

1. The petition sets forth the bond, its breach, and damages.
2. It was not necessary that execution should have issued before instituting suit on the bond.
3. The record shows no error in the circuit court.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant, W. H. Fitzpatrick, as executor of Burwell Vaughn, jr., deceased, appealed from a judgment against himself, in his fiduciary capacity, to the Court of Appeals, and executed a supersedeas bond with his co-appellant as surety.

The style of the case at the head of the bond describes the principal as "executor of the estate of Burwell Vaughn, jr., deceased, appellant."

He is mentioned in the body of the bond as "appellant," and "Wm. H. Fitzpatrick, appellant," and the covenants

are, that the "appellant" will pay all costs, damages, &c.,. and satisfy and perform the judgment in case of affirmance.

He signed the bond with these words, "Exe'r of B. Vaughn, dec'd," attached to his name.

The original judgment, from which he prosecuted the appeal, directed the amount of it to be levied of assets, and the executions thereon and for the ten per cent. damages awarded on the affirmance, which was had, were issued against him as executor, to be levied of assets.

The appellees brought their suit upon the supersedeas bond named against the appellants, alleging non-payment of the judgment and damages, but failing to aver that the executor had in his hands assets of his intestate's estate in any amount at the time the supersedeas bond was executed, or that any assets had since come to his hands, and that he had wasted them, or that he had neglected to perform his duty in appropriating the assets of the estate to the payment of debts, or in collecting assets for that purpose, or that any assets existed. In short, no breach is assigned except non-payment.

The appellants moved to dismiss the suit for want of an affidavit and demand of the executor, and the court properly overruled the motion.

No answer being filed, on the call of the cause the petition was taken for confessed, but during the same term an affidavit excusing the failure to answer, accompanied by an answer, were offered to be filed. The court rejected them, and rendered judgment against appellants individually.

They have appealed.

In the case of Mahan, &c., v. Tydings, &c., 10 B. Mon., this court held that an injunction bond "should be adapted to the nature of the case, and bind the executor and his

surety, in case 'the injunction should be found wrongful and be dissolved, &c., to pay the judgment, &c., out of assets in the due course of administration, to the extent that the same might be properly applied thereto. . . . . . . Such a bond binding the executor and his surety personally, so far as the debt enjoined is concerned, for the due administration of the assets from the date of the bond, and securing the creditor from loss by subsequent maladministration to his prejudice, is all the security can justly demand from the law which authorizes the suspension of his remedy, and is all . . . . . that the statute . . . . . intended to require or authorize."

The doctrine of that case was recognized in Nelson v. Tyler, 11 B. M., 141, in which it was held, that although the obligation to pay the penalty of an appeal bond was personal on the obligors, who were an administrator and his surety, they were not individually bound beyond the assets in the hands of the administrator, except for costs, which the act of 1812 authorized; but now, by section 17, chapter 26, General Statutes, the personal representative in any action is exempted from judgment for costs, except against the assets which have or may come to his hands.

. The bond sued on, in reciting the appellants' obligation, literally follows the language of section 748, Civil Code, specifying the terms of a supersedeas bond; but does it follow that this obligation is to be discharged by personal representatives individually? If so, no personal representative could rid himself of an erroneous judgment to be alone levied of assets, without the risk of personal responsibility, as the penalty of failure to succeed upon an appeal.

No such obstruction or danger should attend the honest effort of a personal representative to relieve the estate from

a judgment that a reasonable man, acting under such advice as personal representatives are entitled to, would consider erroneous and unjust to the estate which he represents; and the obligation of a supersedeas bond, when executed by a personal representative, must be treated as binding him to pay the damages and costs of the appeal, and the judgment in case of affirmance, out of the assets which have or may come to his hands in the due course of administration.

This construction of the bond is reasonable, because it does not suspend the rights of the appellees upon the original judgment to any greater extent than the bond fully secures; nor against any property which the bond thus construed does not preserve to them.

Wherefore, the judgment is reversed, and cause remanded for further proceedings not inconsistent with the principles of this opinion.